# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| ADAM WADE CRUTCHLEY, | : | |
| Plaintiff, | : | |
| VS. | : | |
| KEVIN PURVIS, *et al.*, | : | NO. 7:10-CV-81 (HL) |
| Defendants. | : | **ORDER & RECOMMENDATION** |

Plaintiff **ADAM WADE CRUTCHLEY**, an inmate at Baldwin State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated October 14, 2010, the Court granted his motion to proceed *in forma pauperis*. Plaintiff is nevertheless obligated to pay the full filing fee, as is directed later in this Order and Recommendation. The Clerk of Court is directed to send a copy of this Order and Recommendation to the business manager of Baldwin State Prison.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual

allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual

allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff alleges that on January 15, 2010, he was threatened and intimidated by Detective Kevin Purvis and Detective Mike Pitts. He states that he initially denied their allegations, but when they yelled at him, he "told them [he] did it." Plaintiff states that the detectives told him to go to the police department and give a statement. When he went to the police department, he explained that he was going to get a lawyer the next Tuesday and come back to be questioned. Plaintiff states the detectives initially told him that he could do this, but one hour later they "showed up with a warrant to arrest [him]."

Plaintiff apparently was charged with, and convicted of, child molestation in March, 2010.

Construing plaintiff's complaint liberally, it appears that he is claiming his confession was not voluntary and that he was denied the right to counsel. These claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87.

In other words, a prisoner cannot bring a § 1983 action that would invalidate a sentence or conviction unless the sentence or conviction in question has previously been invalidated. Such an action, if brought prior to invalidation of the conviction or sentence challenged, must therefore be dismissed as premature. *Id.* at 2372.

In the case at bar, plaintiff's allegations that his confession was involuntary and that he was denied counsel, if proven, may invalidate his conviction or sentence. Because plaintiff has not demonstrated that he has appealed his conviction or sentence in the state courts or that either have been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus, *Heck* bars plaintiff's claims. Plaintiff must return to the appropriate court and attempt to invalidate his conviction and sentence. If plaintiff should succeed, he may then institute an action for damages under § 1983 in federal court.

It is therefore **RECOMMENDED** that plaintiff's claims that his Fifth Amendment right against self incrimination and his Sixth Amendment right to counsel were violated be dismissed as premature and that the two defendants named in relation to these claims–Kevin Purvis and Mike Pitts–be dismissed as well.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

Plaintiff has named the Berrien County Sheriff's Department as a defendant. However, a sheriff's department is not a legal entity subject to suit or liability under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)(advising that "sheriff's departments and police departments are not usually considered legal entities subject to suit"); *Bunyon v. Burke County*, 285 F. Supp.2d 1310, 1328 (S. D. Ga. 2003)(dismissing claim against police department, reasoning that it was not a legal entity subject to suit); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N. D. Ga. 1984)(concluding that the City of Atlanta Police Department is not a proper defendant because it is "merely the vehicle through which the City government fulfills its policing

function").

It is therefore **RECOMMENDED** that the Berrien County Sheriff's Department be dismissed from this action.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

Plaintiff also names District Attorney Kathy Helms as a defendant. Presumably she was the prosecutor in the criminal action brought against plaintiff. District Attorney Helms has absolute immunity from suit under 42 U.S.C. § 1983 when acting within her jurisdictional scope. ***Imbler v. Pachtman***, 424 U.S. 409 (1975). "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages." ***Id***. at 431.

It is therefore **RECOMMENDED** that District Attorney Helms be dismissed from this action.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

Plaintiff has named two employees of the Department of Family and Children Services: Sharon Paris and Teresa Goeings. It is unclear why plaintiff named these two defendants in the heading of his complaint. He makes no allegations against them in the body of his complaint. The United States Court of Appeals for the Eleventh Circuit has held that a district court properly dismisses defendants when a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendants with the alleged constitutional

violation. ***Douglas v. Yates***, 535 F.3d 1316, 1322 (11th Cir. 2008)) (citing ***Pamel Corp. v. P.R. Highway Auth.***, 621 F.2d 33, 36 (1st Cir. 1980) (explaining that "[w]hile we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong").

It is therefore **RECOMMENDED** that defendants Sharon Paris and Teresa Goeings be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

Plaintiff requests to have the "warrants dropped," his "charges and sentence revoked," and be allowed "to go home." Relief such as release from prison and the dropping of charges are not remedies that are available in a 42 U.S.C. § 1983 action. ***Preiser v. Rodriquez***, 411 U.S. 475 (1973). Plaintiff also requests to have his "medical situation resolved." The Court interprets this as a request for injunctive relief. However, plaintiff is no longer incarcerated in the Berrien County Jail. Under established law in this circuit, a prisoner's claim for injunctive relief is mooted by his transfer to another prison. ***Zatler v. Wainwright***, 802 F.2d 397, 399 (11th Cir. 1986); ***Wahl v. McIver***, 773 F.2d 1169, 1173 (11th Cir. 1985). If plaintiff believes he is still not receiving medical care for his serious medical illnesses and he desires injunctive relief, he will need to file a separate lawsuit alleging such and naming defendants employed at Baldwin State Prison–the prison in which plaintiff is currently incarcerated. Finally, the Court has already recommended dismissal of Detectives Purvis and Pitts. Should plaintiff wish to "file a lawsuit for police intimidation," he will need to do so in a the appropriate state court because this claim cannot be brought in this 42 U.S.C. § 1983 at

this time and the Court has no authority to force these detectives to make a "public apology" as plaintiff requests.

It is therefore **RECOMMENDED** that these requests for relief be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

Plaintiff's only remaining request is for damages due to defendants' deliberate indifference to his serious medical needs. Specifically, plaintiff alleges that Sergeant Esther Connell, the Nurse at the Berrien County Jail, the "nurse staff," his public defender–Mr. Daniel Connell, Sheriff Anthony Heath, Captain Antonio Carter, and Officer Damien Bennett all knew that he is diabetic, "going blind in his left eye," and bipolar. Plaintiff states that the jail staff refused to let him check his blood sugar and this lack of medical care caused blood vessels in his eye to burst. Plaintiff also states that he hears voices and wanted to commit suicide. However, his requests for help were ignored.

The Court will attempt to identify and serve the Nurse at Berrien County Jail under the assumption that there is only one nurse at this facility. However, the Court has no way of knowing who is included in the "nurse staff." Without names or, at the least, positions held within the jail, the Court simply has no way of knowing who is included in "nurse staff" and who in this "nurse staff" denied plaintiff's requests for medical help. Therefore, the Court has no way of serving these unnamed and unidentified parties. Plaintiff did not include "nurse staff" in the heading of his complaint and the Court will not show such as a defendant in this action. If plaintiff should be able

7

to identify the names of the individuals in the "nurse staff," he may amend his complaint at that time. Plaintiff should keep in mind the applicable statute of limitations should he desire to so amend and add these defendant[s].

It is therefore **RECOMMENDED** that to any extent plaintiff seeks to include "nurse staff" as a defendant in this action that such unidentified "nurse staff" be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

Plaintiff also states that his public defender–Mr. Daniel Connell–had knowledge of his medical conditions and did not help him. It is well settled that allegations against criminal defense attorneys, court appointed or privately retained, do not state claims under 42 U.S.C. § 1983 because such attorneys do not act under "color of state law" when they act as attorneys for criminal defendants. *See Nelson v. Stratton*, 469 F.2d 1155 (5th Cir. 1972); *O'Brien v. Colbath*, 465 F.2d 358 (5th Cir. 1972)(explaining that "§ 1983 was never intended as a vehicle for prosecuting malpractice suits against court-appointed attorneys") .[1]

It is therefore **RECOMMENDED** that to any extent plaintiff seeks to include his public defender–Mr. Daniel Connell–that Mr. Connell be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

Finally, plaintiff did not include Sgt. Esther Connell, Captain Antonio Carter, and Officer Bennett in the heading of his original complaint. However, in the supplement to his complaint, plaintiff states they knew of his medical conditions and presumably denied his requests for treatment for these conditions. Therefore, the Clerk of Court is **DIRECTED** to add Sgt. Esther Connell, Captain Antonio Carter, and Officer Bennett to this action.

At this time, the Court cannot find that plaintiff's allegations that he was denied medical care for his diabetes, mental illness, and eye condition[s] are frivolous, and thus, these claims should go forward against the following defendants: Sheriff Anthony Heath; the Nurse at Berrien County Jail; Sgt. Esther Connell; Captain Antonio Carter; Officer Damien Bennett.

It is hereby **ORDERED** that service be made against these five defendants and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

**Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial

when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties.

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The

scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance

with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under Local Rule 72, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U.S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the defendants, the Clerk of court is directed

to provide election forms to the parties and/or to their legal counsel, if represented.  Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days.  Counsel may execute election forms on behalf of their clients provided they have such permission from their clients.  However, counsel must specify on the election forms on whose behalf the form is executed.

**SO ORDERED and RECOMMENDED**, this 1st day of November, 2010.

*THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

lnb