IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ADAM WADE CRUTCHLEY, | : |
| Plaintiff, | : |
| VS. | : |
| | : 7: 10-CV-81 (HL) |
| Sheriff ANTHONY HEATH, *et al.,* | : |
| Defendants. | : |

**ORDER AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on August 20, 2010. (Doc. 2). Presently pending in this action are Plaintiff's Motion for Default Judgment (Doc. 30), and Defendants' Motion to Open Default. (Doc. 34).

Plaintiff filed the Motion for Default Judgment on March 16, 2011, seeking a default judgment based on Defendants' failure to defend this action. (Doc. 30). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Defendants were sent waiver of service forms, which they signed and returned. (Docs. 24 - 27). Since Defendants timely returned the signed waivers of service, they had sixty (60) days from the date the waiver of service forms were mailed to file an Answer to the Complaint or to file a Pre-Answer Motion to Dismiss. Fed. R. Civ. P. 4(d)(3). The waivers of service were mailed December 7, 2010; thus, Defendants were required to file an Answer to the Complaint or a Pre-Answer Motion to Dismiss by February 7, 2011. (Docs. 24-27). As of the date of this Recommendation, Defendants have not filed an Answer or a Pre-Answer Motion to Dismiss, and

thus have not filed a timely response. Default, however, was not issued in this case.

Plaintiff did move for default judgment (Doc. 30), and in response Defendants filed a Motion to Open Default. (Doc. 34). In their Motion, Defendants state that Defendants Heath and Carter discussed the lawsuit and both "mistakenly believed the other would assume responsibility for notifying the county attorney for Berrien County," who would then be responsible for filing a timely response. (Doc. 34-1, p. 2; 34-2, Heath Affidavit; 34-3, Carter Affidavit). On March 16, 2011, Plaintiff filed a Motion for Default Judgment, and two days later, on March 18, 2011, Defendants became aware that Mr. Thomas had not been told about the lawsuit. (*Id.*). Defendants filed a Motion to Open Default on March 24, 2011. (Doc. 34).

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment[.]" The Eleventh Circuit has explained that "'[g]ood cause' is a mutable standard, varying from situation to situation. It is also a liberal one-but not so elastic as to be devoid of substance." *Compania Interamerican Exp.-Imp., S.A. v. Compania Dominicana De Aviacion,* 88 F.3d 948, 951 (11th Cir.1996) (quoting *Coon v. Grenier,* 867 F.2d 73, 76 (1st Cir.1989)). To determine if default should be set aside, courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, whether the defaulting party presents a meritorious defense, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. *Id.*; *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir.1992). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Dierschke*, 975 F.2d at 184.

The decision to enter a default judgment is discretionary. *Wahl v. McIver,* 773 F.2d 1169,

1174 (11th Cir.1985).  "Entry of judgment by default is a drastic remedy which should be used only in extreme situations, . . . [and] the usual preference [is] that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court."  *Id.*  Thus, any doubt as to whether a default should be granted "should be resolved in favor of a judicial decision on the merits of a case[.]" *Blois v. Friday,* 612 F.2d 938, 940 (5th Cir.1980).[1]

Herein, the failure of Defendants to respond in a timely manner to the Complaint was not willful.  Defendants acted promptly to correct the default once they became aware that no timely pleading had been filed on their behalf. Counsel was obtained, and Defendants asserted a meritorious defense in their Motion to Open Default.  Furthermore, there is no evidence Plaintiff would suffer any prejudice if default judgment is not entered.

For the foregoing reasons, it is the recommendation of the undersigned that Plaintiff's Motion for Default Judgment be **DENIED**.  As the Clerk has not entered default and as there has been no default judgment entered, Defendants' Motion to Open Default is hereby **DENIED as moot**.  Should the District Judge to whom this case is assigned adopt this Recommendation, Defendants shall have **SEVEN (7) DAYS** from the date the order adopting this Recommendation is filed to file their Answer.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981, *en banc),* the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Dismissal of Nurse, B.C. Jail*

In his Complaint, Plaintiff alleged claims against Defendant Nurse, B.C. Jail; however, due to the lack of information, the Court was unable to serve the unidentified nurse. (Docs. 2, 22). On December 14, 2010, the undersigned ordered Plaintiff to provide the name or identity of the nurse, or face dismissal of this Defendant. (Doc. 22). On December 29, 2010, Plaintiff requested that he be allowed to proceed in this action without Defendant Nurse, B.C. Jail. (Doc. 23). Accordingly, it is the recommendation of the undersigned that Defendant Nurse, B.C. Jail be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO ORDERED AND RECOMMENDED**, this 17th day of October, 2011.

s/ ***THOMAS Q. LANGSTAFF***

**UNITED STATES MAGISTRATE JUDGE**

llf