## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| ADAM WADE CRUTCHLEY, | : |
| Plaintiff, | : |
| VS. | : |
| | : **7 : 10-CV-81 (HL)** |
| ANTHONY HEATH, *et al.*, | : |
| Defendants. | : |

## ORDER AND RECOMMENDATION

Plaintiff, who is proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on August 20, 2010, alleging Defendants were deliberately indifferent to Plaintiff's serious medical needs. (Docs. 2, 13).  Presently pending in this action are Defendants' Motion for Summary Judgment, and several miscellaneous motions filed by Plaintiff. (Docs. 44, 47, 49, 50, 51).

## Background

Plaintiff, who was at relevant times both a pre-trial detainee and a convicted individual at Berrien County Jail ("BCJ") on the dates referenced in his Complaint, maintains that Defendants were deliberately indifferent to Plaintiff's serious medical needs. (Doc. 2, 13).  After Plaintiff was arrested, he allegedly informed Defendants that he was diabetic and bi-polar; however, Defendants refused to do anything about Plaintiff's diabetes and did not give him his bi-polar medicine until several months after he was initially detained.  Plaintiff also maintains that Defendants refused to let Plaintiff check his blood sugar levels for his diabetes.  Due to Defendants' deliberate indifference, Plaintiff asserts that he has "3 busted blood vessels in [his] left eye," he is partially blind in his left eye, and he has a retinal disease called "Eurina".

Defendants filed their Motion for Summary Judgment on February 22, 2012.  (Doc. 44).  On that

same day, the Court notified Plaintiff of the filing of Defendants= Motion for Summary Judgment, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the date of the Court's Order. (Doc. 45). Plaintiff filed his Response to Defendants' Motion for Summary Judgment on March 8, 2012. (Doc. 46).

## Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Athe court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.@ A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).

As the party moving for summary judgment, Defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant Aalways bears the initial responsibility of informing the district court of the basis for its motion,@and identifying those portions of the record, including pleadings, discovery materials, and affidavits, Awhich it believes demonstrate the absence of a genuine issue of material fact.@ *Celotex*, 477 U.S. at 323. AIf a party fails

to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed R. Civ. P. 56(e)(3).

## Discussion

Initially, the Court notes that whether Plaintiff was a pretrial detainee or a convicted individual, Plaintiff's allegations are governed by the Eighth Amendment. The Eighth Amendment governs conditions of confinement and treatment received for convicted prisoners. *Farrow v. West*, 320 F.3d 1235, 1242 (11th Cir. 2003). Conditions of confinement imposed on a pretrial detainee are governed by the Fourteenth Amendment Due Process Clause. *Andujar v. Rodriquez*, 486 F.3d 1199, 1203 n. 3 (11th Cir. 2007). However, "the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985). Therefore, the Eighth Amendment deliberate indifference standard is the appropriate standard for the undersigned's analysis of Plaintiff's allegations.

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). In order to show that a prison official acted with deliberate indifference to a serious medical need, Plaintiff must prove that there is an "objectively serious medical need" and the "prison official acted with deliberate indifference to that need." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

To establish the objective element, a prisoner must show that the medical need poses a substantial risk of serious harm if left unattended. *Farrow v. West*, 320 F.3d at 1243. A serious medical need is

one that "has been diagnosed by a physician as mandating treatment or one that is so obvious even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994), overruled in part on other grounds, by *Hope v. Pelzer*, 536 U.S. 730 (2002).  A serious medical need can also be established if there is a delay in treatment that worsens the condition. *Id.* at 1188-1189.  "In contrast, delay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute an Eighth Amendment violation." *Id.* at 1188.

To establish that a prison official acted with deliberate indifference to a serious need, Plaintiff must also show that the prison official had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown*, 387 F.3d at 1351.  A prison official's subjective knowledge of a risk is a question of fact as to which the defendant "must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* [ ] must also draw the inference." *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2007) (emphasis in original) (quoting *Farmer v. Brennan*, 511 U.S. 825 (1994)).

In asserting that they are entitled to the entry of summary judgment, Defendants have submitted the affidavits of Defendant Anthony Heath, Sheriff of Berrien County, Defendant Antonio Carter, Jail Administrator at Berrien County Jail, Defendant Eston Connell, Assistant Jail Administrator at Berrien County Jail, and Defendant Damon Bennett, Detention Officer at Berrien County Jail, as well as the Health Services Agreement, Plaintiff's booking reports, the Inmate Handbook, portions of Plaintiff's medical records, and copies of Plaintiff's inmate grievance forms, request forms, and medical request forms. (Docs. 44-1 – 44-12).

Defendants' evidence shows that Southern Health Partners, Inc. is contracted to provide

medical services to all individuals housed at BCJ. (Doc. 44-1, Heath Aff., ¶ 3). It is the responsibility of Southern Health Partners, Inc. to distribute medications and provide all medical, dental, and related health care services to the inmates. (*Id.* at ¶ 6). It is the policy and custom of BCJ to submit all medical grievances, inmate request forms, and sick call forms directly to the on-site medical personnel provided by Southern Health Partners, Inc. (Docs. 44-6, Carter Aff., ¶¶ 4-5; 44-9, Connell Aff., ¶¶ 4-5).

Plaintiff filled out an "Inmate Grievance Form dated August 24, 2010 alleging that he was being denied prescription medication or medical care." (Doc. 44-6, Carter Aff., ¶ 4). The grievance form would have been forwarded to the on-site medical personnel for Southern Health Partners, Inc. (*Id.* at ¶ 5). Plaintiff also wrote a letter to Defendant Connell on August 24, 2010, relating to concerns that Plaintiff had with his eyes and dental work. (Doc. 44-9, Connell Aff., ¶ 4). Defendant Connell "knows he followed his normal practice and turned [the letter] over to the on-site representative from Southern Health Partners, Inc." (*Id.*).

Defendant Heath testified that he "never engaged in any conversation with plaintiff at any time while plaintiff was in the [BCJ]." (Doc. 44-1, Heath Aff., ¶5). Defendant Heath was never made aware of any medical conditions Plaintiff had that may have required medical attention, nor made aware of any requests for medical attention during the relevant time periods. (*Id.*). Additionally, Defendant Bennett "never discussed with plaintiff his alleged medical condition, nor any allegations that he was being denied medical treatment by [BCJ]." (Doc. 44-12, Bennett Aff., ¶ 5). Defendant Bennett "has no personal knowledge of plaintiff's medical conditions", and "has never been present in a physician's office, or elsewhere, when plaintiff was diagnosed with any injury to his eye, or any other medical ailment." (*Id.* at ¶¶ 6-7).

In response to the Defendants= summary judgment motion, Plaintiff submitted a notarized

5

Response, and Plaintiff has filed other notarized documents which contain factual allegations relevant to his Complaint.  (Docs. 46, 47, 48).  Plaintiff states that Defendants knew about Plaintiff's need for medical care and deliberately ignored his requests.  (Doc. 48-1, p. 3).  Further, Defendants delayed in providing Plaintiff with treatment, which has caused the vision conditions from which he suffers.  (*Id.*).  "Defendants knew about [Plaintiff's] condition and showed deliberate indifference by not acting upon the requests made by [Plaintiff]."  (*Id.* at p. 4).

Plaintiff states that all his medical problems were in his medical records, which were available for Defendants to see.  (Doc. 46, pp. 2-3).  Plaintiff submitted requests for medical help for his diabetes, but "was denied the help requested." (*Id.*).  Plaintiff also submitted a medical grievance on August 24, 2010, and there was no response to the grievance submitted.  (*Id.* at p. 1).  Plaintiff's pleadings also show that Defendant Connell told Plaintiff that Plaintiff was not diabetic and to "quit faking".  (Doc. 47-1, p. 2).

Regardless of whether Plaintiff was suffering from a serious medical need, Plaintiff must show that Defendants had subjective knowledge of Plaintiff's medical condition.  In regard to Defendants' subjective knowledge, Plaintiff states that he submitted a grievance and a medical request form, but his requests were ignored.  (Doc. 46).  Filing a grievance or letter does not alone show that a supervisor had knowledge.  *See Nichols v. Burnside*, 2011 WL 2036709, *3 (M.D. Ga. April 21, 2011) (finding that a grievance and letter to a supervisor does not alone make the supervisor liable); *Logue, Jr. v. Chatham County Detention Center*, 2010 WL 5769485, *4 (S.D. Ga. Dec. 29, 2010) (filing grievances with a supervisor "does not alone make the supervisor liable"; *Weems v. St. Lawrence*, 2009 WL 2422795, *4 n. 7 (S.D. Ga. Aug. 6, 2009) (finding letters and grievances to "jail's upper officials" was insufficient to show the defendants were on notice of a substantial risk of serious harm).  Furthermore,

there is no § 1983 liability when a jail official fails to respond to a grievance. *See Lee v. Michigan Parole Bd.*, 104 Fed. Appx. 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."). As a grievance is insufficient so show that a supervisor had subjective knowledge of Plaintiff's medical needs, Plaintiff has not shown that Defendants had knowledge of his alleged serious medical needs and intentionally failed to take action to correct the conditions.

At most, Plaintiff provides conclusory statements that Defendants knew about Plaintiff's medical conditions, and were deliberately indifferent to any medical treatment Plaintiff may have needed. Plaintiff's Responses state that Defendants knew about Plaintiff's conditions through the grievances, medical requests, and through his medical file, which was available to Defendants. (Docs. 46; 48-1). As stated above, grievances and letters are not sufficient to show Defendants had subjective knowledge. Furthermore, there is no evidence to show that Defendants saw Plaintiff's medical file, only that Defendants *could* have seen Plaintiff's medical file. Defendants Heath and Bennett also testified that they had no knowledge of Plaintiff's medical conditions, and no knowledge that Plaintiff had alleged he was denied medical treatment. (Docs. 44-1, Heath Aff., ¶ 5; 44-12, Bennett Aff., ¶ 5-6). The Court notes that Plaintiff has provided no evidence to refute Defendants Heath's and Bennett's testimonies that they had no personal knowledge of Plaintiff's medical conditions.

Plaintiff's conclusory allegations are insufficient to overcome Defendants' Motion for Summary Judgment. *See Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) ("This court has consistently held that conclusory allegations without specific supporting facts have no probative value[,]" and are legally insufficient to defeat a summary judgment motion); *Sun v. Girardot*, 237 Fed. Appx. 415, 417 (11th Cir. 2007). Without evidence that Defendants were aware of Plaintiff's serious

medical needs, no genuine issue of fact exists regarding Plaintiff's claim that Defendants were deliberately indifferent to Plaintiff's serious medical needs. *See Salas v. Wetherington*, 2005 WL 3531467, * 3 (M.D. Ga. Dec. 22, 2005) ("plaintiff's allegations remain unsupported by credible evidence and are largely conclusory, falling far short of overcoming the defendants' summary judgment showing"); *Smith v. Phillips*, 2008 WL 4086978, *3 (S.D. Ga. Sept. 3, 2008) (granting summary judgment where the plaintiff alleged that the defendant should have been aware of the plaintiff's medical needs based on the medical records, but failed to show the defendant actually knew about the plaintiff's alleged medical condition).

To the extent that Plaintiff is attempting to hold any Defendant liable because of his supervisory positions, this claim must also fail. *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (holding a supervisor cannot be liable under § 1983 for the unconstitutional acts of his subordinates on the basis of vicarious liability). There has been no showing that Defendants were personally involved in any alleged denial of medical care to Plaintiff, nor a showing that there is a causal connection between Defendants and the alleged denial of medical care.

As Plaintiff did not provide the Court with evidence that refuted Defendants' showing that they were not deliberately indifferent to a serious medical need, no genuine issue of fact remains regarding Plaintiff=s claim. Thus, Plaintiff=s claim of deliberate indifference to a serious medical need cannot survive Defendants' Motion for Summary Judgment.

## Conclusion

As Plaintiff has failed to sufficiently rebut Defendants' summary judgment showing, it is the recommendation of the undersigned that Defendants' Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations

contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motion for Final Judgment (Doc. 47)*

Plaintiff filed this Motion for Final Judgment on March 8, 2012, requesting the Court enter default judgment based on Defendants' failure to defend this action. Plaintiff previously filed a Motion for Default Judgment. (Doc. 30). The undersigned recommended the Motion for Default Judgment be denied, and the Recommendation was adopted by the district judge assigned to this case on November 7, 2011. (Docs. 40, 42). As Plaintiff has already moved for default judgment and the Motion was denied, the undersigned interprets Plaintiff Motion for Final Judgment as a Motion for Reconsideration of the undersigned's Recommendation to deny Plaintiff's Motion for Default Judgment. Herein, Plaintiff has presented no new information which persuades the Court to reconsider its recommendation to deny Plaintiff's Motion for Default Judgment. Therefore, Plaintiff's Motion for Final Judgment is **DENIED.**

*Motion to Amend (Doc. 49)*

Plaintiff filed a Motion for Leave to File an Amended Complaint on March 8, 2012, requesting the Court allow Plaintiff to amend his Complaint to add C. Lane, LPN as a Defendant. In Plaintiff's original Complaint he named defendant Nurse, B.C. Jail; however, due to the lack of information the Court was unable to serve the unidentified nurse. (*See* Docs. 2, 22). On December 29, 2010, Plaintiff indicated that he could not find out the nurse's name, and requested that the case continue without it. (Doc. 23). The undersigned, therefore, ultimately recommended dismissal of the nurse-defendant in accordance with a December 22, 2010 Order. (Docs. 22, 40). The district judge assigned to this case adopted the Recommendation on November 7, 2011. (Doc. 42). Plaintiff appears to have identified

defendant Nurse, B.C. Jail, and now seeks to amend his Complaint to add the identified nurse as a Defendant. (Doc. 49).

Plaintiff filed his Complaint on August 20, 2010, and on December 7, 2010, the waivers of service and the Complaint were mailed to Defendants. (*See* Docs. 2, 24-27). Defendants filed an Answer on October 18, 2011, and filed a Motion for Summary Judgment on February 22, 2012. (Docs. 41, 44).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) *Amending as a Matter of Course*
>     A party may amend its pleading once as a matter of course within:
>         (A) 21 days after serving it, or
>         (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*
>     In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiff's Motion to Amend is clearly untimely under Rule 15(a)(1). The Motion to Amend was filed more than twenty-one (21) days after the Complaint was served and more than twenty-one (21) days after service of a responsive pleading, the Answer. Additionally, Defendants have not consented to Plaintiff's proposed amendment. Therefore, Plaintiff's only remaining means to amend his Complaint is by leave of the Court under Rule 15(a)(2).

The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and is not automatic. *Nat'l. Service Industries, Inc. v. Vafla Corp*, 694 F.2d 246, 249 (11th Cir. 1982). Although the decision to grant or deny a motion to amend a complaint is within the discretion of the Court, "a justifying reason must be apparent for denial of a motion to amend." *Moore*

*v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff filed this Motion for Leave to File an Amended Complaint more than eighteen months after filing his Complaint, almost two months after discovery had ended, fifteen days after Defendants filed their Motion for Summary Judgment, and almost fifteen months after the Court's deadline for the Plaintiff to identify the nurse. (*See* Doc. 22). If Plaintiff was allowed to amend at this late date, it would cause undue delay and prejudice as a new Defendant would be added after discovery had ended and after a Motion for Summary Judgment had been filed. *See Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (affirming a denial of a motion for leave to amend when the motion was accompanied with a response to the defendants' motion for summary judgment and was filed seven weeks after the close of discovery); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided.").

Furthermore, the Court notes that Plaintiff listed a nurse as a defendant in his original Complaint, but later, after stating that he was unable to find the name of the nurse, requested that the Court allow him to proceed. The undersigned recommended that defendant Nurse, B.C. Jail be dismissed from this action, and notified Plaintiff that he had fourteen days to file an objection to the recommendation. (Doc. 40). Plaintiff did not object to the dismissal of defendant Nurse, B.C. Jail. Plaintiff also did not attempt to amend his Complaint until after Defendants filed their Motion for Summary Judgment. As the Court finds that the proposed amendment would cause unnecessary delay and undue prejudice,

Plaintiff=s Motion for Leave to File an Amended Complaint is hereby **DENIED**.

*Discovery Motions (Docs. 50, 51)*

Plaintiff filed two Motions on March 8, 2012, requesting the Court (1) grant Plaintiff permission to write to prisoner Michael David Pickett, Jr. who is a witness for Plaintiff, and (2) order specified witnesses to give written statements to Plaintiff. (Docs. 50, 51).

Initially, the Court notes that Plaintiff did not file his Motions in a timely manner. Plaintiff did not file either Motion requesting discovery until March 8, 2012, which was approximately seven weeks after the discovery period closed, and fifteen days after Defendants filed their Motion for Summary Judgment. (*See* Docs. 42, 44). As Plaintiff did not file these Motions in a timely manner, granting them would unnecessarily delay a ruling on Defendants' pending Motion for Summary Judgment.

Furthermore, the Court notes that Plaintiff is responsible for investigating and prosecuting his own case, and the Court will not order witnesses to provide witness statements. Plaintiff also does not need the Court's permission to write a letter. It is the responsibility of Plaintiff to conduct his own discovery; it is not for the Court to conduct Plaintiff's discovery for him.

For the above stated reasons, Plaintiff's Motion to File for Court Order (Doc. 50) and Motion for Witness Statements (Doc. 51) are hereby **DENIED**.

**SO ORDERED AND RECOMMENDED**, this 15th day of June, 2012.

                                                 s/ ***THOMAS Q. LANGSTAFF***
                                                 **UNITED STATES MAGISTRATE JUDGE**

llf