**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **ADAM WADE CRUTCHLEY,**<br><br>  Plaintiff,<br><br>  v.<br><br>**ANTHONY HEATH,** *et al.***,**<br><br>  Defendants. | Civil No. 7:10-CV-81 (HL) |

**ORDER**

Before the Court is Plaintiff Adam Wade Crutchley's Motion for Reconsideration. (Doc. 48.) In his Motion, Plaintiff asks the Court to reconsider its Order adopting the recommendation of the Magistrate and denying Plaintiff's Motion for a Default Judgment. (Doc. 42.) For the reasons stated below, the Motion is denied.

In December 2010, Defendants were sent waiver of service forms, which they promptly signed and returned. (Docs. 24-27.) However, Defendants failed to file an Answer to the Complaint or a Pre-Answer Motion to Dismiss within the sixty day deadline. Thus, on March 16, 2011, Plaintiff filed a Motion for Default Judgment based on Defendants' failure to defend. (Doc. 30.) In response to the Motion for Default, Defendants filed a Motion to Open Default. (Doc. 34.) In their Motion, Defendants admitted that Defendants Heath and Carter discussed the case and each mistakenly believed that the other would assume responsibility for

notifying the county attorney for Berrien County about the lawsuit. The county attorney was never notified of the lawsuit, and thus, the Complaint went unanswered.

In his Recommendation, Magistrate Judge Thomas Q. Langstaff acknowledged that Defendants were admittedly late in responding to the Complaint, but he noted that Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." Magistrate Judge Langstaff found that there was good cause for setting aside the default. This Court adopted the Recommendation of Magistrate Judge Langstaff in an Order on November 7, 2011, and it is this Order that Plaintiff asks the Court to reconsider.

Local Rule 7.6 provides that "[m]otions for reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6. Instead, the "purpose of a motion for reconsideration is to correct the manifest errors of law or fact or to present newly discovered evidence." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). Motions for reconsideration are typically granted when there is "(1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice." Id. "[A] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined." Rufus v. Chapman, 2011 WL 4434535, at *1 (M.D. Ga. Sept. 22, 2011) (citing Pennamon v. United Bank, 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009)).

In this case, Plaintiff does not show a change in the law, new evidence, or the need to correct clear error or manifest injustice. Instead, Plaintiff simply reiterates his same arguments from his original Motion for Default, which was denied by the Court. He states that Defendants did not file an answer in the appropriate amount of time, and thus, they should be considered in default.[1] The Court considered this argument when Plaintiff submitted his original Motion for Default and found that the argument had no merit. Plaintiff has not presented any new evidence or law to the Court that changes its original analysis. Therefore, Plaintiff's Motion for Reconsideration is denied.

**SO ORDERED,** this 21st day of June, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr

---

[1] Along with his Motion for Reconsideration, Plaintiff submitted a brief addressing his allegations of malicious intent, medical indifference, and medical malpractice. (Doc. 48-1.) These allegations are not relevant to the Court's consideration of the Motion for Reconsideration of the Order denying Plaintiff's Motion for Default, and the Court finds it unnecessary to address these arguments at this time.